ORIGINAL

BRODIE, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 26 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TYRONE P. LEE,

Petitioner,

-against-

EARL BELL, SUPERINTENDENT
CLINTON CORRECTIONAL FACILITY,

Respondent.

---

NOTICE OF PETITION
FOR A WRIT OF HABEAS
CORPUS PURSUANT TO
28 U.S.C. 2254

CV 19-1879
CIV.

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

County Court, Orange County, 255-275 Main Street Goshen, New York 10924

(b) Criminal Docket or case number (if known): 2014-273 [Orange County]

2. (a) date of the judgment of conviction (if known):

April 6, 2016

(b) Date of sentencing: same as above

3. Length of sentence 7 and ½ to 15 years, 2 to 4 years, and 1 ½ to 3 years, which were ordered to run consecutively to each other, and concurrent with 4 ½ to 9 years imposed in Westchester County [Ind. No.: 14-1128]. These sentences were capped, pursuant to Penal Law § 70.30 for an aggregate sentence of 10 to 20 years.

4. In this case, were you convicted on more than one count or more than one crime?

Yes X No ______

5. Identify all crimes of which you were convicted and sentenced in this case:

Grand larceny in the second degree [P.L. § 155.40(1); Identity theft in the first degree [P.L. § 190.80 (1)] (13 counts), and scheme to defraud in the first degree [P.L. 190.65(1)(b)].

6. (a) What was your plea? (Check One)

(1) Not Guilty X (3) Nolo Contendere ________

(2) Guilty ________ (4) Insanity ________

(b) If you entered a guilty plea to one count or charge and not a guilty plea to another count or charge, what did you plea guilty to and what did you plea not guilty to?

Not guilty on all counts.

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury X Judge Only ________

7. Did you testify at either a pretrial hearing, trial or post trial hearing?

Yes ______ No X

8. Did you appeal, answer the following:

(a) Name of Court: Appellate Division, Second Department, 45 Monroe Place, Brooklyn, New York 11201

(b) Docket or case number: 2016-04954

(c) Result: Affirmed

(d) Date of result (if you know): October 10, 2018

(e) Citation to the case (if you know): 165 A.D.3d 838 (2 Dept. 2018)

(f) Grounds raised: 1) The attorney generals insistent upon bringing indictment in various jurisdictions regarding the same alleged criminal enterprise violated the prohibitions against double jeopardy; 2) The verdict below was based upon legally insufficient evidence and was not proven beyond a reasonable doubt.

9. Did you seek further review by a higher state court?

Yes __X__ No _______

If yes, answer the following:

(1) Name of Court: Court of Appeals

(2) Docket or case number (if you know):

(3) Result: leave denied

(4) Date of Result: January 29, 2019

(5) Citation of the case: ___________

(6) Grounds raised: Same as above [see: 8(f)]

(b) Did you file a petition for certiorari in the United States Supreme Court?

Yes ________ No __X__

If yes, answer the following:

(1) Docket or case Number (if you know):

(2) Result:

(3) Date of Result (if you know):

(4) Citation to the case (if known):

10. Other than direct appeals listed above, have you previously filed any other petitions, applications, or motion concerning this judgment of conviction in any state court?

Yes_____ No _____

11. If your answer to question 10 was "Yes", give the following information:

(a)(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes _____ No __X__

(7) Result:

(8) Date of Result (if you know):

(b) If you filed any second petition, applications, or motion, give the same information.

(1) Name of Court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ______ No __X__

(7) Result:

(8) Date of Result (if you know):

(c)If you filed any second petition, application, or motion, give the same information:

(1) Name of Court:

(2) Docket or case number (if you know):

(3) date of filing (if you know):

(4) Nature of proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes _____ No __X__

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First Petition: Yes__X__ No_____

(2) Second Petition: Yes _____ No _____

(3) Third Petition: Yes _____ No _____

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the constitution, laws, or treaties of the United States. [attach additional pages if you have more than four grounds, and state the facts supporting each ground]

Caution: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action in federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: 1) The attorney generals insistent upon bringing indictment in various jurisdictions regarding the same alleged criminal enterprise violated the prohibitions against double jeopardy.

(a) Supporting facts: [do not argue or cite case law. just state the specific facts that support claim].

By motion dated February 16, 2016, the defense argued that Orange County Indictment was barred on Double Jeopardy grounds. This motion was based on the fact that the attorney general has brought successive prosecutions against petitioner in Westchester County, Bronx County, Orange County and Queens County, all arising out of the same alleged criminal enterprise. The attorney general had offered Petitioner a package deal in Westchester that would have covered the Bronx case.

During plea negotiations in Westchester, the attorney general advised Petitioner that, if he did not take the package deal, the attorney general would bring additional charged against him in Orange County. After petitioner refused this offer, and obtained a more favorable sentence than the attorney general had requested by pleading to he entire docket, the attorney general brought the subject indictment in Orange County. When Petitioner refused the attorney general's global disposition in Orange County to cover the newly filed Orange County indictment and the old Bronx indictment (and the unrelated Dutchess County case), the attorney general then threatened that, if petitioner did not reconsider, he would indict his mother on a charge related to booking a flight for petitioner using a false name.

Petitioner refused the offer and the attorney general then obtained a new indictment against petitioner and his mother in Queens County. The attorney general readily admitted that it would have covered both the Bronx Indictment and the Queens Indictment, if petitioner took the plea deal

offered in Orange County. The Bronx and Queens Indictments were clearly being used for leverage only.

Petitioner argued that the allegations against him in Orange County were the product of one single criminal venture (one criminal transaction) characterized by his allegedly "unique modus operandi." The attorney general's longstanding position was that petitioner organized the Wachovia-Wells Fargo scheme at issue in Orange county. In support, on October 20, 2015, the attorney general submitted an affirmation which stated at page 12, that petitioner "organized and perpetuated a series of nearly identical identity theft schemes. All of Petitioner's schemes shared the same unique modus operandi..." (emphasis added).

This affirmation, in paragraph 12, set forth the various elements common to Orange and Westchester indictments. in paragraph 13, it alleges that the "scheme" continued until 2014, and that paragraph 14 alleges that Petitioner made admissions in 2014 tying the current charges to the ongoing identity theft and larceny schemes, making it clear that Petitioner was the "hub and Organizer" of the continuous scheme.

Likewise, paragraphs 15 made it clear that when search warrant was issued in 2014, at petitioner's apartment, the attorney general found information related to the Wachovia-Wells Fargo case at issue in Orange County, and the charge case (that was prosecuted in Westchester). In paragraph 16, the attorney general states "that although evidence of Wachovia-Wells Fargo case, including the 'key evidence' that for the first time connected Petitioner to Wells Fargo case was recovered in Bronx Warrant execution, the attorney general elected not to include the Wells Fargo case in the two initial indictments in Bronx County and in Westchester County.

Moreover, paragraph 17 set forth further information alleging that petitioner was the "hub and organizer" of the continuous scheme and how schemes are related. In paragraph 18, it alleges that petitioner continued to use information obtained from Wachovia-Wells Fargo into 2014 as part

of his continuing scheme. The attorney general states in paragraph 19 that "the same unique and specific modus operandi in the Wells Fargo, Chase, Bank of America (BOA) schemes."

This paragraph may have contained the key as to why the attorney general chose to leave Wells Fargo allegations out of the Westchester indictment, because "the petitioner's identity as the organizer of the Wachovia-Wells Fargo scheme is not conclusively established by the evidence, but rather will be proven by the testimony of co-conspirator Nadla Figueroa and other corroborating evidence." Petitioner argue below, that the attorney general did not wish to taint his, apparently, rock solid cases that had wire-tap, surveillance, and other concrete evidence with the charges from the beginning of the scheme that were not conclusively established by the evidence.

On November 9, 2015, the attorney general in his reply affirmation stated "that four alleged schemes, all comprising one common scheme, began in sequential order. The allegation was that petitioner was still using information obtained from Wachovia in 2010 in 2014, and that the Wachovia scheme was still alive and operating in 2014. The attorney general claimed in reply, paragraph 13, that the 2 calls made on January 8, 2014, are "directly probative of petitioner's participation in the currently charged Wachovia scheme." Clearly, in various warrant and eavesdropping requests made to the Second Department both the Attorney General and his investigators characterized the scheme as continuous.

On June 9, 2014, investigator Stasiuk stated "that petitioner and others have been operating a criminal enterprise (the fraud ring) specializing in the unlawful acquisition of personal identification information belonging to bank customers." It further stated in paragraph 4, that the ring unlawfully withdrew more than $725,000.00 to date. The allegations in the subject Orange County indictment are that petitioner stole approximately $425,000.00 from Wachovia-Wells Fargo; and thus, it is clear that the $725,000.00 includes BOA, TD Bank, and Chase victim accounts.

Bolstering this position is the affirmation of Lana Milojevic, dated February 20, 2014, at paragraph 6, which stated that Petitioner and others have been operating "a criminal conspiracy", which resulted in issuance of a pen registered, and this always centered "upon Wachovia-Wells Fargo information. Milojevic affirmation, at paragraph 21 stated "that since at least 2010, petitioner has been operating a criminal enterprise specializing in the unlawful acquisition of personal identification information belonging to bank customers."

According to attorney general, the Wachovia-Wells Fargo, BOA, TD Bank and Chase losses have been identified at more than $725,000.00, and the continued investigation of Wachovia-Wells Fargo and BOA cases tied in the TD Bank investigation and subsequently with Chase Bank investigation. As of January 2014, the petitioner's fraud ring was still operating, now using the January 2014 phone, which was utilized to call Chase Bank on January 8, 2014, seeking information about Kevin O'Brien account.

This new (January 2014 cellphone) targeted cellphone was connected to the petitioner's fraud ring and, by extrapolation, that the ring is still operating and that it is still singular, ongoing enterprise. Petitioner argued in his motion that "all throughout its investigation of this case, in various warrant applications to the Appellate Division, the attorney general represented that petitioner's fraud ring was an ongoing single enterprise.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) Direct appeal of ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes __X__        No _____

(d) Post conviction proceedings:

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?

Yes _____ No __X__

(2) If your answer to question (d)(1) is "Yes", state:

Type of Motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Dates of the Court's decision:

Result (attach a copy of the Court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

Yes _____ No _____

(4) Did you appeal from the denial of your motion of petition?

Yes_____ No_____

(5) If your answer to question (d)(4) is "Yes" state:

(6) If your answer to question (d)(4) is "Yes", did you raise this issue in the appeal?

Yes _____ No _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Dates of the Court's decision:

Result (attach a copy of the Court's opinion or order, if available):

(7) If your answer to question (d)(4) or (d)(5) is "No", explain why you did not raise this issue:

(e) Other remedies: describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on ground one:

GROUND TWO: 2) The verdict below was based upon legally insufficient evidence, and was not proven beyond a reasonable doubt.

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim).

Herein, the grand larceny count alleged that money was stolen from Wachovia; however, the Wachovia witness testified the money was actually stolen from account holders. The next 13 identity theft counts alleged that money was taken from individuals. The scheme to defraud count alleged that money was taken from one or more individuals.

Petitioner contends that he was prejudiced because not only were the grand larceny and scheme to defraud counts charged against different victims, 13 more counts of the underlying actions were charged against individual victims. Also, the text message and 3 telephone calls that were repeatedly played for petitioner's jury were actually made in 2014 and 2015, years after the transactions alleged in Orange County indictment. Most importantly, these phone calls reflected transactions with Chase bank, which was not alleged to be a victim in the Orange County indictment.

With respects to the grand larceny charge (count 1), defense counsel pointed out that the indictment charged petitioner with acting in concert with Figueroa in Orange County and elsewhere, without specifying where elsewhere is. The indictment charged them with stealing U.S. currency [T.584]. Counsel argued that Figueroa did not testify to stealing currency, only account information [id]. Counsel observed that Fusko had testified that the bank had reimbursed the customers, but that no money had been stolen from the bank [T. 584]. There was no evidence that any theft of money occurred in Orange County; all of the thefts, according to the People's evidence, occurred in other states [T. 585]. With respect to the identity theft charges (13 counts); counsel pointed out that the

indictment again charged petitioner with acting in concert with Figueroa in Orange County, and "elsewhere", without specifying where "elsewhere" is. [T. 585].

Counsel Argued:

> The people have not shown, other than Ms. Figueroa entering Orange County to work at the bank, the only testimony of Mr. Lee ever entering Orange County was to go to Wachovia Bank one time to sign a signature card to make himself a joint account holder on an account with Ms. Figueroa. There is nothing criminal about that. There is no connection between that individual account and any other crime in this case.
>
> Ms. Figueroa stated that Mr. Lee would essentially hire other people to go into a bank with a false ID or a false identity, none of that happened within Orange County...there is no case law that would support ...the people's position that Ms. Figueroa essentially stealing money from the bank and then later going in is identity theft even if Figueroa is believed...there is no corroborating evidence whatsoever to show that Mr. Lee gave anybody a false identification. Nobody who went into a bank...testified that Mr. Lee told them to go in. there is zero corroborating evidence showing that Mr. Lee did anything with regard to identity theft, certainly not within the County of Orange.

[T. 585-86]

With respect to the last count, scheme to defraud, counsel argued that no conduct occurred in Orange County, and further that there was no proof that petitioner participated in a scheme:

> There is, at best, some proof that was connected to him made a phone call into an automatic system, but other than that, there is no scheme to defraud.

[T. 587].

Counsel further argued that case law stood for the proposition that possession of account information or credit card numbers does not fall under the larceny statute [T. 587-89]. The trial court denied the defense motion for a trial order of dismissal [T. 592].

(b) If you did not exhaust your state remedies on Ground two, explain why:

(c) Direct appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes __X__          No _____

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post conviction proceedings:

(2) If your answer to question (d)(1) is "Yes", state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the Court's decision:

Result (attach a copy of the Court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

    Yes _____          No _____

(4) Did you appeal from the denial of your motion or petition?

    Yes _____          No _____

(5) If your answer to question (d) (4) is "Yes", did you raise this issue in the appeal?

Yes _____ No _____

(6) If your answer to question (d)(4) is "Yes", state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the Court's decision:

Result (attach a copy of the Court's opinion or order, if available):

(7) If your answer to question (d)(4) is "No", explain why you did not raise this issue:

(e) Other remedies: describe any other procedure (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust our state remedies on Ground Two:

13. Please answer these additional questions about the petition you are filing:

(a) Have all the grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

Yes _X___ No _____

If your answer in "No", state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? if so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. have you previously filed any type of petition, application, or motion in federal court regarding the conviction that you challenge in this petition?

Yes _____ No __X__

If "Yes", state the mane and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. (attach a copy of any court opinions or orders, if available).

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?

Yes _____ No __X__

If "Yes", state the name and location of the court, the docket or case number, the type of proceeding, the issues raised:

16. Give the name and address, if you know, of each attorney who represented you in the following stages of judgment you are challenging:

(a) at preliminary hearing:

(b) at arraignment::

(c) at trial:

(d) at sentencing:

(e) on appeal: Alex Smith, Esq. 6 North Street, Middletown, New York 10940.

(f) In any post conviction proceeding:

(g) On appeal from any ruling against you in a post conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

Yes ______ No __X__

if so, give name and location of court that imposed the other sentence you will serve in the future:

(a) give the name of court that imposed the sentence:

(b) give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

Yes ______ No __X__

18. Timeliness of Petition: If your judgment of conviction became final over one year ago, you must explain why the one year statute of limitations as contained in 28 U.S.C. 2244(d) does not bar your petition.

The decision became final on 1/29/19, when the Court of Appeals denied leave and therefore, this petition is timely.

Petitioner asks this court to issue a Writ of Habeas Corpus vacating his conviction and ordering his immediate release.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this petition for a writ of habeas corpus was placed in the prison mailing system on MARCH 22, 2019.

Executed: MARCH 22, 2019

Tyrone P. Lee #16-A-3013
Petitioner [Pro se]
Clinton Correctional Facility
Box 2001
Dannemora, N.Y. 12929



Tyrone Lee
#16A3013
Clinton C.F.
P.O. Box 2001
Dannemora, NY 12929
United States District Court
Eastern District of New York
225 Camden Plaza
Brooklyn, NY 11201
USMS
CLINTON CORRECTIONAL FACILITY
USPS
PURPLE HEART
FOREVER USA